IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE ADAMS                                                                    PLAINTIFF

V.                     NO. 3:09-CV-03054-JLH

TYSON FOODS, INC. et al                                       DEFENDANT

O R D E R

The Plaintiff filed a Motion for Judicial Inquiry and/or Administrative Investigation of the EEOC (Doc. 15) on January 25, 2010. The Motion contained an attachment (Doc. 15-1) consisting of communication between the Plaintiff and the EEOC. The Plaintiff also filed a "Factual Evidence of EEOC Civil and Constitutional Rights Violation, Corruption and Abuse" (Doc. 16) which also consisted of communication between the Plaintiff and the EEOC. The bulk of the communications seems to assert that the Plaintiff is not happy with the investigation conducted by the EEOC concerning his termination by Tyson Foods, Inc.

The agency has the initial responsibility to determine coverage of the Act, and the court cannot foreclose the Commission from conducting its investigation to determine whether an unfair employment practice has been committed. *See Oklahoma Press Publishing Co. v. Wallings*, 327 U.S. 186, 209, 214, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *New Orleans Public Service, Inc. v. Brown*, 507 F.2d 160, 164 (5th Cir. 1975).

The agency decision when made is subject to review <u>in an appropriate proceeding</u>. *Willingham v. Macon Telegraph Publishing Co.*, 507 F.2d 1084 (5th Cir. 1975); *Baker v. California Land Title Company*, 507 F.2d 895 (9th Cir. 1974); *Dodge v. Giant Food, Inc.*, 160 U.S.App.D.C. 9, 488 F.2d 1333 (1973); *Aros v. McDonnell Douglas Corp.*, 348 F.Supp. 661

(C.D.Cal.1972); *Donohue v. Shoe Corporation of America*, 337 F.Supp. 1357 (C.D.Cal.1972).

*E.E.O.C. v. Quick Shop Markets, Inc*. 526 F.2d 802, 803 (C.A.Mo. 1975).

The Plaintiff initiate this cause of action against Tyson Foods, Inc. and certain employees of Tyson's alleging "EMPLOYMENT DISCRIMINATION WRONGFUL TERMINATION, SARBANS-OXLEY, EQUAL PAY VIOLATION, FAIR LABOR STANDARDS ACT VIOLATION and RETALIATION". (Doc. 5, p. 1). The Plaintiff has not sued the EEOC in the present cause of action nor would the EEOC be an appropriate party. The court is not empowered to "investigate" the EEOC but, as previously stated may "review" an agency decision.

The Plaintiff's Motion for Judicial Inquiry and/or Administrative Investigation of the EEOC (Doc. 15) is hereby **DENIED.**

IT IS SO ORDERED this February 22, 2010.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE