IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                                                              PLAINTIFF

v.                                        Civil No. 09-3054

TYSON FOODS, INC.;
DEBBIE TROST; JAMES D.
SMITH; LELAND E. TOLLETT;
MARK GRAHAM; and ARTEE
WILLIAMS, Director, Arkansas
Department of Workforce Services                                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Dale Adams (hereinafter Adams) filed this employment discrimination case pursuant to Title VII, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), the Equal Pay Act (EPA), the Sarbanes-Oxley Act, 42 U.S.C. § 1981, and the Arkansas Civil Rights Act.[1]  He proceeds *pro se* and *in forma pauperis*.

On February 22, 2010, Adams filed a motion asking for injunctive relief (Doc. 29).  The motion was referred to me for issuance of this report and recommendation.

**BACKGROUND**

According to the allegations of the complaint, Adams was interviewed and hired by Tyson Foods on or about October 29, 2008.  When he initially attempted to report to work, the nurse told him his blood pressure was high and that he would need to get it lowered before he could begin work.

---

[1] A report and recommendation (Doc. 10) was filed on January 6, 2010, recommending that all claims against James D. Smith, Leland Tollett, Mark Graham, Artee Williams, the Director of the Arkansas Department of Workforce Services, and Debbie Trost be dismissed.  It was further recommend that all claims under the Sarbanes-Oxley Act and 42 U.S.C. § 1981 be dismissed.

Adams finally reported to work on November 10, 2008, with a letter from his doctor stating he did not have high blood pressure and didn't require treatment.

Adams alleges he was discriminated against in the following ways: (1) he was initially paid less per hour than females employees doing the same job; (2) he was not trained for different positions during his probationary period like other employees and was normally left at the hardest job on the line--lifting about 30,000 pounds of chicken out of a box each day for about eleven weeks; (3) he was disciplined for having a cell phone inside the plant while others were not disciplined for the same conduct; (4) he was discriminated against and retaliated against for informing Tom Paradiso that he was going to file a civil rights lawsuit against Tyson; (5) he was terminated for job abandonment despite the fact that he had left a message that he was ill; (6) his wife could not use the medical insurance when she needed it because her birth date was entered in the computer wrong and despite notification of the problem it was not promptly corrected; (7) he was wrongfully terminated on June 2, 2009, for having accumulated fourteen points under the Tyson Foods point system; and (8) his request for unemployment benefits was denied.

## DISCUSSION

In the motion for preliminary injunction, Adams states he has requested an investigation of the Equal Employment Opportunity Commission (EEOC).[2] He contends the EEOC, the United States Department of Labor, the United States Department of Agriculture (USDA) and the Occupational Safety and Health Administration (OSHA) have committed various violations of the law. He alleges the USDA did not properly inspect his home before closing of the home loan. He alleges various unsafe conditions exist at the home. Adams asks for an immediate injunction against the USDA and

---

[2] Adams' motion to have the EEOC investigated was denied by order entered on February 22, 2010 (Doc. 28).

that mediation be ordered. With respect to Tyson Foods, Adams ask that they be directed to mediate the dispute between them. Finally, Adams asks that a special prosecutor be appointed to investigate the violations of the law.

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors. These factors are: (1) the probability of success on the merits;(2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987).

In this case, neither the USDA nor any of the other government agencies Adams mentions are parties to this lawsuit. Furthermore, Adams requests injunctive relief on claims entirely different from the claims made in his complaint. *Cf. Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)(no preliminary injunction where motion for relief was based on assertions of retaliation that were entirely different from initial claim). I find no basis on which to issue a preliminary injunction.

## CONCLUSION

I therefore recommend Adams' motion for preliminary injunction or temporary restraining order be denied (Doc. 29).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of March 2010.

/s/ *J. Marschewski*
　HON. JAMES R. MARSCHEWSKI
　CHIEF UNITED STATES MAGISTRATE JUDGE