IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DALE B. ADAMS**                                                                          PLAINTIFF

    v.                    Case No. 09-3054

**TYSON FOODS, INC.,ET AL.**                                                        DEFENDANTS

<u>ORDER</u>

    NOW on this 13th day of April 2010, comes on for consideration the **Report and Recommendation of the Magistrate Judge** (document #10) filed on January 6, 2010.  The Court, being well and sufficiently advised, finds as follows:

    1.  The Report and Recommendation of the Magistrate Judge (document #10) was filed on January 6, 2010.

    2.  On January 20, 2010, the Court granted plaintiff's motion for an extension of time to respond to the Report and Recommendation – extending the plaintiff's response time to February 25, 2010.

    3.  On February 18, 2010, the Court again granted a motion by the plaintiff and extended the plaintiff's response time to March 11, 2010.

    4.  The plaintiff filed Plaintiff's Objections to Report of the Magistrate Judge on March 10, 2010 (document #44).

    5.  The plaintiff filed this employment discrimination case pursuant to Title VII, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), the Equal Pay Act (EPA), the Sarbanes-Oxley Act, 42 U.S.C. § 1981, and the

Arkansas Civil Rights Act.

6. The Report and Recommendation reviews plaintiff's claims and recommends:

* that all Title VII claims against individually named defendants be dismissed because the Eighth Circuit has held that supervisors may not be individually held liable under Title VII;

* that all ADEA claims against individually named defendants be dismissed because the ADEA provides no basis for individual liability for supervisory employees;

* that all ADA claims against individually named defendants should be dismissed because supervisors cannot be held liable in their individual capacity;

* that all Equal Pay Act claims against individually named defendants should be dismissed because the plaintiff has not alleged any of the individually named defendants were responsible for the pay disparity;

* that plaintiff's claims under the Sarbanes-Oxley Act are subject to dismissal for failure to exhaust his administrative remedies and because no Sarbanes-Oxley Act claim is stated on the facts alleged in the complaint;

* that all claims against individually named defendants fail under the Arkansas Civil Rights Act because the Act does not contemplate individual liability on the part of supervisors and managers;

* that plaintiff's claims under 42 U.S.C. § 1981 should be dismissed because his race does not fall within the protection afforded by § 1981; and,

* that the claims against Artee Williams, the Director of the Arkansas Department of Workforce Services, are subject to dismissal because employees of the Arkansas Department of Workforce Services or the Arkansas Employment Security Division are entitled to absolute immunity.

7. In the plaintiff's objections to the Report and Recommendation, he:

* "agrees with the report about all of the recommendations to dismiss individual defendants from his Title VII claim, ADEA, ADA, and EPA claims."

* argues that "several federal agencies have violated the law in order to prevent plaintiff from even learning about the Sarbanes-Oxley Act."

* states that he would like to pursue a Sarbanes-Oxley Act in a separate matter;

* agrees to "delete the Ark. code out of his amended petition";

* "agrees to remove 42 U.S.C. § 1981 out of his amended petition . . . ."; and,

* "agrees to remove AR Dept of Workforce Services out of his amended petition . . . ."

8.   The Court also notes that in plaintiff's objections, he repeatedly requests the appointment of counsel.  A separate motion for appointment of counsel is pending and the request will be handled in due course.

9.   The Court finds that, to the extent the plaintiff objects to the Report and Recommendation, plaintiff's objections offer neither law nor fact which warrant denial of the Report and Recommendation.  The Court further finds that the Report and Recommendation should, therefore, be, and hereby is, **adopted in its entirety**, and that:

\*    all claims against James D. Smith, Leland Tollett, Mark Graham, Artee Williams, the Director of the Arkansas Department of Workforce Services, and Debbie Trost should be, and hereby are, dismissed; and, that

\*    all claims under the Sarbanes-Oxley Act should be, and hereby are, dismissed; and, that

\*    all claims under 42 U.S.C. § 1981 should be, and hereby are, dismissed.

**IT IS SO ORDERED.**

                                                    /s/ Jimm Larry Hendren
                                                    **JIMM LARRY HENDREN**
                                                    **UNITED STATES DISTRICT COURT**