IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                                                          PLAINTIFF

v.                                            Civil No. 09-3054

TYSON FOODS, INC.                                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Dale B. Adams brings this employment discrimination action pursuant to Title VII, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), the Equal Pay Act (EPA), the Fair Labor Standards Act and a supplemental state law claim under the Arkansas Civil Rights Act. He proceeds *pro se* and *in forma pauperis.*

By order entered on August 3, 2010, a number of motions were referred to the undersigned including two motions to dismiss (Doc. 38 and Doc. 50) filed by the defendant and a motion to strike (Doc. 81) filed by the defendant. On August 6, 2010, a hearing was held on all pending motions.

### I. Discussion

In the motions to dismiss, defendant maintains this case was filed more than ninety days after plaintiff's receipt of the right to sue letter from the Equal Employment Opportunity Commission (EEOC). It further argues that the plaintiff is bound by his statement contained in the original complaint that he **received** the notice of right to sue on April 30, 2010.

Title VII establishes "an integrated, multi-step enforcement procedure" that enables the EEOC to detect and remedy discriminatory employment practices. *E.E.O.C. v. Shell Oil Co.*,

-1-

466 U.S. 54, 61-62, 104 S. Ct. 1621, 1627, 80 L. Ed. 2d 41 (1984). To maintain a discrimination lawsuit under Title VII, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the allegedly discriminatory act. 42 U.S.C. § 2000e-5(e)(1). *See also Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 796 n. 3 (8th Cir. 1998)(180-day filing limit in Arkansas). Furthermore, a complaint must be filed in court within ninety-days of the receipt of the notice of right to sue. 42 U.S.C. § 2000e-5(f)(1).

The notice of right to sue is dated April 30, 2009. It was mailed by regular mail from the EEOC office in Little Rock to plaintiff in Harrison, Arkansas. In Document 43 Adams states he received the notice on May 2. Receipt of the document within two days is reasonable. In fact, if a plaintiff does not indicate a specific date on which he received the notice, courts have presumed that he received it between three and seven days after it was mailed. *See e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)(discussing cases).

The IFP application and complaint are marked received by the court on July 30th although the documents were not filed until August 4th. The court concludes that this case was filed within ninety days of plaintiff's receipt of the notice of right to sue. Time runs from the plaintiff's receipt of the notice of right to sue not from the date the notice was issued by the EEOC. Furthermore, plaintiff should be given the benefit of the July 30th date since he had delivered the documents to the court within the time provided and they were marked received. At this point, plaintiff had done all he could do to ensure the complaint was timely filed. Fed. R. Civ. P. 3; Fed. R. Civ. P. 5(d). *Cf. Lee v. Dallas County Board of Education*, 578 F.2d 1177-1179 (5th Cir. 1978)(Filing is accomplished when document is received by the clerk; filings reaching the clerk's office after a deadline are untimely).

At the hearing, defendant represented the only issue pending with respect to their motions to dismiss was whether or not the case was filed within ninety days of plaintiff's receipt of the notice of right to sue. Therefore, the remaining issues addressed by the motions are moot.

Defendant has also moved to strike (Doc. 81) the amended complaint filed on April 21, 2010 (Doc. 70). Defendant maintains the amended complaint was filed without following the court's directives and the provisions of Rule 15 of the Federal Rules of Civil Procedure.

The court directive referred to by defendant is that found in an order entered on April 13, 2010 (Doc. 60), in which United States District Judge Jimm Larry Hendren granted a motion for an extension of time (Doc. 25) to file an amended complaint. The order provided in pertinent part as follows: "plaintiff is allowed to follow the procedures set forth in Rule 15 of the Federal Rules of Civil Procedure to move to amend his complaint to include the issues included in his second EEOC complaint referenced in his motion." In response to this order, plaintiff filed an amended complaint. He testified he understood the order to mean he could file the amended complaint. Defendant maintains plaintiff should have filed a motion to amend the complaint.

The court believes the motion to strike should be denied. While plaintiff may not have technically complied with the court's order or the provisions of Rule 15, permission to amend should be freely granted. The court believes that any motion to amend would have been granted.

## II. Conclusion

I therefore recommend that the motions to dismiss (Doc. 38 and Doc. 50) be denied. I further recommend that the motion to strike (Doc. 81) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file**

AO72A
(Rev. 8/82)

**timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of August 2010.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)