```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

**DALE B. ADAMS**                                              **PLAINTIFF**

v.                        Civil No. 09-3054

**TYSON FOODS, INC.**                                          **DEFENDANT**

### O R D E R

Now on this 30th day of August, 2010, comes on for consideration the **Magistrate Judge's Report and Recommendation** (document #138), in this matter, as well as Defendant's objection thereto (document #140).

The Court has reviewed the Report and Recommendation and, being well and sufficiently advised, finds as follows:

1. Plaintiff brings this case alleging claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the American Disabilities Act, the Equal Pay Act, and the Fair Labors Standard Act and a supplemental state law claim under the Arkansas Civil Rights Act.

2. Defendant filed several motions in the case and, pursuant to this Court's Order entered August 3, 2010, all pending motions were referred to the Magistrate Judge. On August 6, 2010, the Magistrate Judge held a hearing to discuss the pending motions thus referred with the following results:

(a) At the time of the hearing, Defendant had three pending motions to dimsiss:

  * (document #38) Tyson's Motion to Dismiss -- in which Defendant argued that Plaintiff's claims were time-barred because he had not filed suit within 90-days of receiving a notice of right to sue letter from the EEOC. Defendant also argued that Plaintiff had failed to state a claim under the Equal Pay Act and that Plaintiff had not stated an actionable claim for securities fraud under Sarbanes-Oxley;

  * (document #50) Tyson's Second Motion to Dismiss -- in which Defendant, in response to Plaintiff's proposed amended complaint, restated its argument that Plaintiff's claims were time-barred; and

  * (document #81) Tyson's Motion to Dismiss and Strike Filing -- in which Defendant argued that Plaintiff had not complied with the requirements of Rule 15.

  (b) With respect to Defendant's two pending motions to dismiss (documents #38 & #50), the Magistrate Judge noted that "[a]t the hearing, defendant represented the only issue pending with respect to their motions to dismiss was whether or not the case was filed within ninety days of plaintiff's receipt of the notice of right to sue." (document #138).

  (c) After reviewing the record, the Magistrate Judge concluded that Plaintiff had filed his complaint within ninety days of his receipt of his notice of right to sue letter and that the motions to dismiss (documents #38 & #50) should be denied -- thus

making a recommendation to this Court with respect to the only issue in the defense's motions to dismiss which he addressed.

(d) Accordingly, the Magistrate Judge found that "the remaining issues addressed by the motions are moot." (document #138) -- presumably because he had been advised by Defendant that the only issue pending with respect to the motions to dismiss had been the one he had addressed.

(e) With respect to the motion to dismiss/strike filing, the Magistrate Judge concluded that Defendant's motion to strike the amended complaint should be denied because leave to amend a complaint should be freely given and failure to follow the technical requirements of Rule 15 should not prevent a party from amending their pleadings.

3. Defendant has filed an objection to the Report and Recommendations in which it asserts that "if the Court adopts the Report and Recommendation of the Magistrate Judge . . ., that the Order clarify that the plaintiff's claims under the Equal Pay Act are dismissed with prejudice and not simply moot."  (document #140).

To support its position, Defendant cites to Plaintiff's statement in his pleadings where he stated that he "waives his claims under the EPA because although what Tyson Foods did was wrong, the EPA may not be the appropriate action." (document #136, ¶43).

4.  The difficulty with Defendant's objection is that the Magistrate Judge did not address Defendant's motion to dismiss Plaintiff's claim under the Equal Pay Act -- and certainly did not recommend that it be dismissed with prejudice.  Thus, the Court perceives nothing in the Order which needs to be clarified.  As previously noted, the Magistrate Judge accepted Defendant's representation that the only issue with respect to the pending motions to dismiss (documents #38 & #50) was the one related to the timeliness of Plaintiff's claims.  In light of that circumstance, the Court cannot now appropriately sustain an objection to something the Magistrate Judge did not do in reliance on Defendant's representation.  It may very well be that if the Magistrate Judge had addressed the other issues in Defendant's motion to dismiss (document #38), he might have recommended that the Equal Pay Act claim be dismissed with prejudice.  However, as noted, he did not do so.

Accordingly, having carefully reviewed the Magistrate Judge's Report and Recommendation, the Court finds that it is sound in all respects that it should be adopted  *in toto.*

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report and Recommendation is adopted *in toto*;**

**IT IS FURTHER ORDERED** that Defendant's objection is overruled;

**IT IS FURTHER ORDERED** that, for the reasons set forth in the Magistrate Judge's Report and Recommendation:

* Defendant's **Motion to Dismiss** (document #38) is **DENIED;**

    \* Defendant's **Motion to Dismiss** (document #50) is **DENIED;** and

    \* Defendant's **Motion to Dismiss and Strike Filing** (document #81) is **DENIED.**

**IT IS SO ORDERED.**

    <u>**/s/Jimm Larry Hendren**</u>
    **HON. JIMM LARRY HENDREN**
    **UNITED STATES DISTRICT JUDGE**