```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  HARRISON DIVISION
```

**DALE B. ADAMS**                                                     **PLAINTIFF**

v.                        Civil No. 09-3054

**TYSON FOODS, INC.**                                                 **DEFENDANT**

### O R D E R

Now on this 7th day of January, 2011, comes on for consideration Plaintiff's **Motions for Application for Subpoena Duces Tecum** (Docs. 175 and 177) and Defendant's response thereto (Doc. 179). The Court, being well and sufficiently advised, finds and orders as follows:

Plaintiff has requested that the Court issue the following subpoenas:

(a) to the United States Marshal's Office - Plaintiff requests that the Court order the United States Marshal's Office to produce the current address and contact information for the following former employees of Tyson Foods: Thomas Paradiso, Glen Self, Toby Shearer and Derrick Slade Brittain.

Plaintiff's request is denied. Plaintiff has not shown that the United States Marshal's Office has the contact information for these individuals, and it is not obligated to gather such information for Plaintiff.

(b) to AT&T - Plaintiff requests that the Court order AT&T to produce all records (cell phone, text messaging, e-mails, etc.) for the personal telephone numbers for the following current and/or

former employees of Tyson: Toby Shearer, Thomas Paradiso, Debbie Trost, and Glen Self. Plaintiff requests the information for the period of February 1, 2009, through September 30, 2009. Plaintiff also requests that the Court order AT&T to produce the same records for his telephone number.

Plaintiff requests this information because he says that the records will show that these people called one another and, therefore, they were conspiring to entrap and retaliate against him and ultimately get him fired from Tyson Foods.

The Court finds that Plaintiff has failed to show good cause for the Court to order production of these records, which are personal, private telephone records of people who are not parties to this action. Further, the Court presumes that Plaintiff may obtain copies of his own telephone records by requesting those directly from his service provider. Therefore, Plaintiff's request is denied.

(c) Plaintiff requests that the Court issue a subpoena for the production of the following:

* all documents pertaining to Tyson Foods' instructions to have a person placed on a bio terrorism or Patriot Act watch list;
* all documents pertaining to Tyson Foods placing Mr. Adams on a bio terrorism or Patriot Act watch list; and
* all documents pertaining to Tyson Foods communications with any government agency concerning Mr. Adams

Plaintiff's request is denied.  First, Plaintiff has not identified a person or entity that allegedly possesses this information.  Second, even if Plaintiff identified such a person or entity, the information is not relevant to this lawsuit.  This is an employment discrimination case in which Plaintiff alleges that he was wrongfully terminated by Tyson Foods.  Plaintiff has not shown that the documents he seeks are relevant in any way to the issues in this lawsuit.

**IT IS THEREFORE ORDERED** that the plaintiff's **Motions for Application for Subpoena Duces Tecum** (Docs. 175 and 177) are hereby **DENIED**.

**IT IS SO ORDERED.**

/s/Jimm Larry Hendren
**HON. JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**