IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                               PLAINTIFF

v.                          Civil No. 09-3054

TYSON FOODS, INC.                                          DEFENDANT

O R D E R

Now on this 14th day of January, 2011, comes on for consideration Plaintiff's **Motion to Extend the Discovery Deadline (Doc. 183)** and **Clarification of Motion to Extend the Discovery Deadline (Doc. 184)**. Also before the Court is Defendant's **Motion for Protective Order (Doc. 185)**.

The Court, being well and sufficiently advised, finds and orders as follows:

1.   Plaintiff commenced this action on August 4, 2009.

2.   On November 5, 2010 -- more than a year after the suit was initially filed -- the Court was finally able to enter a Final Scheduling Order.  That Order set this matter for trial on April 11, 2011, and set a discovery deadline for January 11, 2011.

3.   Plaintiff did not serve his first set of discovery requests on Defendant until December 13, 2010 -- twenty-nine (29) days before the discovery deadline of January 11, 2011. Thereafter, Plaintiff propounded a second, third and fourth set of discovery requests on Defendant on December 20, 2010, December 27, 2010, and December 29, 2010, respectively.

4.    In  his  present  motions,  Plaintiff  asks  the  Court  to
extend  the  discovery  deadline  by  thirty  (30)  days,  to  February  11,
2011,  so  that  he  can  receive  Defendant's  responses  to  his
outstanding discovery requests.

Plaintiff asserts that he "got a very late start on discovery
due to a miscommunication," but does not indicate the nature of any
such "miscommunication."

In support of that request, Plaintiff also asserts that he has
four  FOIA  complaints  which  are  about  to  be  filed  with  the  U.S.
District  Court  and  he  needs  that  information  in  order  to  prove  his
claim;  and  that  he  has  a  mentally  disabled  family  member  with  a
life  threatening  illness  who  lives  with  him  and  the  stress  of
caring  for  this  individual  has  caused  him  to  be  unable  to  focus  on
this lawsuit.

5.    Defendant  opposes  Plaintiff's  motion  for  an  extension  of
the discovery deadline and says that Plaintiff has not stated good
cause for an extension.

Notwithstanding  its  opposition,  in  its  Motion  for  Protective
Order,  Defendant  states  that  it  intends  to  respond  to  the
Plaintiff's  first  set  of  requests  for  production  and  the  first  25[1]

---

[1]  Pursuant  to  Rule  33(a)(1)  of  the  Federal  Rules  of  Civil
Procedure,  unless  otherwise  stipulated  or  ordered  by  the  Court,  a
party  may  only  serve  25  interrogatories  on  another  party.   No
stipulation  or  order  has  been  entered  in  this  case  allowing  the
parties  more  than  25  interrogatories.   Thus,  regardless  of  the
timeliness  of  the  discovery  requests,  Defendant  is  only  obligated
to  respond  to  Plaintiff's  first  25  interrogatories.

interrogatories pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.

Defendant requests that the Court enter a protective order directing that it is not required to respond to Plaintiff's second, third and fourth sets of discovery requests because they were not timely served.

6.    Under the Federal Rules of Civil Procedure, Defendant has thirty (30) days to respond to Plaintiff's discovery requests. Because Plaintiff did not serve his discovery requests in time to allow Defendant at least thirty (30) days to respond to such requests, Plaintiff's discovery requests are untimely under the Rules.

7.    It is clear that all of Plaintiff's discovery requests were untimely served.   Accordingly, the Court is obliged to determine whether Plaintiff has shown any good cause which would warrant him being excused from compliance with federal discovery rules.

(a) Miscommunication -- While Plaintiff states that he got a late start in the discovery process because of a "miscommunication," he does not reveal the nature of it or explain who might have been responsible for it.   Without more, the Court cannot conclude that any "miscommunication" warrants an extension of the discovery period.

(b) FOIA complaints – Plaintiff does not explain how the FOIA complaints relate to this case or how the information he is

seeking in his FOIA requests will help him prove his claims in this case.  Moreover, he has not explained why the information he seeks to gain by FOIA requests could not have been acquired through timely discovery under the Federal Rules of Civil Procedure.

Even if it were otherwise appropriate for Plaintiff to seek information for his federal lawsuit via the FOIA request route, obtaining the information by way of separate lawsuits could and probably would take months and would thus further delay the resolution of this dispute.  This case is set for a trial to begin on April 11, 2011, and the Court is not willing to stay this lawsuit while Plaintiff pursues his FOIA suits.  Accordingly, this contention offers no basis to support an extension of discovery.

(c)  <u>Family Situation</u> -- Plaintiff says that the stress of caring for a mentally disabled family member suffering from a life threatening illness has caused him to be unable to focus on this lawsuit.  While the Court is not without sympathy for the member of Plaintiff's family, it is not persuaded by this argument.

This pro-se litigant has been as prolific as any before seen by this Court in the filing of pleadings and engagement in legal sparring with both opposing counsel and the Court.  Indeed, Plaintiff has filed 53 motions in this case, including three motions to recuse the undersigned and two attempts to appeal this Court's orders  to the Eighth Circuit Court of Appeals.

If Plaintiff had applied his considerable energy and talents to proper discovery and preparation of his case, the Court doubts

there would now be a problem or any need for extension of time. Thus, the Court is not persuaded by this contention.

In light of the foregoing, the Court concludes that Plaintiff has not offered any good cause for his failure to serve the requests on time or to otherwise complete discovery.

8.   In addition to the foregoing, the Court notes that Defendant has stated that it has provided Plaintiff with all of the relevant documents it has that relate to Plaintiff's claims -- and has agreed to voluntarily respond to Plaintiff's first set of discovery requests.

9.   Therefore, the Court finds that Plaintiff's motions should be denied and that Defendant's motion for a protective order is well-taken and should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's **Motion to Extend the Discovery Deadline (Doc. 183)** and **Clarification of Motion to Extend the Discovery Deadline (Doc. 184)** are hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's **Motion for Protective Order (Doc. 185)** is hereby **GRANTED,** as stated, and it is ordered that Defendant is not required to respond to any discovery remaining outstanding other than those discovery requests that Defendant has agreed to respond to as stated herein.

This matter is set for a **JURY TRIAL** to begin in Harrison, Arkansas, on **April 11, 2011.**

IT IS SO ORDERED.

/s/Jimm Larry Hendren
HON. JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE